**Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000724
30-JAN-2017
09:07 AM**

NO. CAAP-15-0000724

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
JASON ENGELBY, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 12-1-1899)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Fujise and Ginoza, JJ.)

Defendant-Appellant Jason Engelby (Engelby) appeals from a September 9, 2015 Circuit Court of the First Circuit (Circuit Court) Judgment of Guilty Conviction and Sentence.[1] After a jury trial, the Circuit Court convicted Engelby of two counts of Sexual Assault in the First Degree, in violation of Hawaii Revised Statutes (HRS) § 707-730(1)(b) (2014).

On appeal, Engelby maintains that the Circuit Court erred in allowing expert testimony that: (1) "was irrelevant and misleading;" (2) "did not assist the jury in understanding the evidence (because the evidence was logically comprehensible by jurors of common understanding), in violation of Engelby's rights to due process and a fair trial[;]" (3) "stated 'facts' or 'characteristics' based on statistics[,] although not citing percentages[];" (4) "improperly bolstered [minor child's (Child 1)] and her mother's credibility;" (5) "improperly profiled Engelby as a child molester;" and (6) "taken in totality, was unduly prejudicial to Engelby."

---

[1] The Honorable Colette Y. Garibaldi presided.

After due consideration of the issue raised, the parties' arguments, the record on appeal, and applicable legal authorities we resolve Engelby's point on appeal as follows and affirm.

1 and 2. Dr. Bivens's testimony was relevant and assisted the jury. State v. Batangan, 71 Haw. 552, 562, 799 P.2d 48, 54 (1990). In support of his two points of error, Engelby makes three arguments against the admissibility of Dr. Bivens's testimony: (1) the concept of "delayed disclosure" had entered general public knowledge through widely-known sexual abuse cases; (2) Child 1's testimony was "straightforward and logical, therefore easily comprehensible by the lay jurors[;]" and (3) Dr. Bivens was not qualified as an expert in "tunnel memory" and, in any case, the testimony was irrelevant.

We reject Engleby's first argument that "delayed disclosure" was a matter of general public knowledge. In State v. Kony, 138 Hawai'i 1, 375 P.3d 1239 (2016), the defendant argued "expert opinion is no longer needed to explicate the phenomenon of delayed reporting." Id. at 9, 375 P.3d at 1247. The Hawai'i Supreme Court disagreed, observing that "expert testimony regarding 'seemingly bizarre' behavior of victims, including the phenomenon of delayed reporting, has been held to be helpful to the jury where reporting by a child victim of sexual abuse is delayed." Id., citing Batangan, 71 Haw. at 558, 799 P.2d at 52.

Second, Engelby argues the clarity of Child 1's testimony rendered Dr. Bivens's testimony superfluous and therefore, "irrelevant" and "not of assistance to the jury." The clarity of a witness's testimony does not obviate the need for assistance in evaluating that testimony in a context that is not well understood. Id. In Batangan, the court recognized:

> [S]exual abuse of children "is a particularly mysterious phenomenon," "and the common experience of the jury may represent a less than adequate foundation for assessing the credibility of a young child who complains of sexual abuse[.]"

> While jurors may be capable of personalizing the emotions of victims of physical assault generally, and of assessing witness credibility accordingly, tensions unique to trauma experienced by a child sexually

2

> abused by a family member have remained largely unknown to the public. The routine indicia of witness credibility--consistency, willingness to aid the prosecution, straight forward rendition of the facts-- may, for good reason be lacking. As a result jurors may impose standards of normalcy on child victim/witnesses who consistently respond in distinctly abnormal fashion.
>
> Child victims of sexual abuse have exhibited some patterns of behavior which are seemingly inconsistent with behavioral norms of other victims of assault. . . . Normally, such behavior would be attributed to inaccuracy or prevarication. In these situations it is helpful for the jury to know that many child victims of sexual abuse behave in the same manner. Expert testimony "exposing jurors to the unique interpersonal dynamics involved in prosecutions for intrafamily child sexual abuse" "may play a particularly useful role by disabusing the jury of some widely held misconceptions so that it may evaluate the evidence free of the constraints of popular myths[.]"

71 Haw. at 557-58, 799 P.2d at 51-52 (citations, brackets, and ellipsis points omitted). Here, both Engelby and the State questioned Child 1 about inconsistent disclosures. Because Child 1 exhibited such behaviors, Dr. Bivens's expertise assisted the jury in understanding the facts and was therefore relevant.

Third, Engelby asserts that Dr. Bivens was not properly qualified to testify to the phenomenon of tunnel memory and that in any case the testimony was irrelevant. To qualify a witness as an expert, the trial court must determine the expert has "such skill, knowledge, or experience in the field in question as to make it appear that his opinion or inference-drawing would probably aid the trier of fact in arriving at the truth." State v. Wallace, 80 Hawai'i 382, 419 n.37, 910 P.2d 695, 732 n.37 (1996) (emphasis omitted) (quoting State v. Toyomura, 80 Hawai'i 8, 26 n.19, 904 P.2d 893, 911 n.19 (1995)). Dr. Bivens's testimony regarding his experience with tunnel memory from his clinical practice and reading academic literature supported the Circuit Court's qualification of him as an expert on this subject. Child 1 testified that she did not remember details about the timing of the incidents but remembered details about the assaults themselves, making Dr. Bivens's testimony about this kind of uneven memory relevant. On this record we cannot conclude that the Circuit Court erred.

3. Engelby argues that it was error for the Circuit Court to admit statistically-based testimony because it was unduly prejudicial and misleading under Hawaii Rules of Evidence (HRE) Rule 403.[2] During trial, Dr. Bivens made general quantitative assertions based on his expertise that characterized the general dynamics of child sexual abuse. Engelby claims these statistically-based assertions were extremely prejudicial, but made no objection at trial. "HRE Rule 103(a)(1) requires a 'specific' objection or a motion to strike if the ground is 'not apparent from the context.'" Kony, 138 Hawai'i at 10, 375 P.3d at 1248 (quoting State v. Vliet, 91 Hawai'i 288, 298-99, 983 P.2d 189, 199-200 (1999); State v. Uyesugi, 100 Hawai'i 442, 463-64, 60 P.3d 843, 864-65 (2002) (noting that defendant has the burden under HRE Rule 103 to create an adequate record in order to preserve an error for review)). At the HRE Rule 104 hearing, Engelby sought to have Dr. Bivens's testimony excluded for irrelevance, bolstering, profiling, and usurping the function of the jury, and Engelby renewed those objections prior to his testimony. Engelby did not object to the presentation of statistically-based testimony at the HRE Rule 104 hearing or at trial. Engelby argues he did not waive the issue or, in the alternative, asks us to treat this issue as plain error. However, based on Kony, we conclude that Engelby did not preserve his right to raise this issue on appeal. 138 Hawai'i at 10-11, 375 P.3d at 1248-49.

4. Engelby argues that Dr. Bivens's testimony improperly bolstered Child 1's and her mother's credibility. Engelby does not claim, nor does the record support the notion, that Dr. Bivens explicitly stated that he believed the abuse occurred or that Child 1 and her mother were truthful. Instead,

---

[2] HRE Rule 403, provides:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Engelby argues that Dr. Bivens's testimony would strongly suggest that a complainant is telling the truth if details of the complainant's story match the details of a typical child sex abuse case. Expert testimony on the dynamics of child sexual abuse "carries the potential of bolstering the credibility of one witness and conversely refuting the credibility of another. Much expert testimony on any subject will tend to do this. Such testimony, by itself, does not render the evidence inadmissible." Batangan, 71 Haw. at 558, 799 P.2d at 52.

We have previously addressed similar situations where expert testimony given by Dr. Bivens was claimed to have improperly bolstered the testimony of the complaining witness, and have found no impropriety where, as in this case, Dr. Bivens did not opine on the credibility of the complaining witness or testify about the facts of the particular case. State v. Moisa, 126 Hawai'i 266, 269 P.3d 801, No. 30712, 2012 WL 247963 at *2 (App. Jan. 25, 2012) (SDO) ("[The defendant] cites to no evidence that Dr. Bivens offered an opinion regarding [the complaining witness] or that Dr. Bivens['s] testimony served to improperly bolster the [complaining witness's] credibility."); State v. Pacheco, 128 Hawai'i 477, 290 P.3d 547, No. CAAP-11-0000571, 2012 WL 5990275 at *1 (App. Nov. 30, 2012) (SDO) ("Dr. Bivens did not opine on the credibility of Child and testified that he did not know the particulars of, nor was he given evidence pertaining to, this case."); State v. Transfiguracion, 128 Hawai'i 476, 290 P.3d 546, No. CAAP-11-0000048, 2012 WL 5897413 at *2 (App. Nov. 21, 2012) (SDO) ("[The defendant] does not identify any place in the record in which Dr. Bivens testified about this particular case."). We decline to change our conclusion here.

5. Engelby contends that Dr. Bivens offered testimony that improperly created a profile implying Engleby was a child molester and Child 1 was a sexual abuse victim. The testimony Engelby cites as improper is Dr. Bivens's use of male pronouns; that child sexual abuse most often occurs in the context of a pre-existing relationship between the child and an abuser, where the abuser is someone the child, and often times the child's family, knows and trusted; that abuse usually happens at the

child's or the abuser's home; and that taking advantage of a sleeping child is one of four ways molesters use to get close to children.

In Batangan, the court held, "[t]he pertinent consideration is whether the expert testimony will assist the jury without unduly prejudicing the defendant." 71 Haw. at 558, 799 P.2d at 52. This court has consistently held that Dr. Bivens's testimony regarding the general dynamics of child sexual abuse and research concerning the characteristics of child molesters and the behavior of child abuse victims are admissible. See, e.g., State v. McDonnell, 134 Hawai'i 475, 344 P.3d 359, No. CAAP-14-0000355, 2015 WL 405720 at *7 (App. Jan. 30, 2015) (SDO), Pacheco, 2012 WL 5990275 at *1-2; Transfiguracion, 2012 WL 5897413 at *3-4; State v. Behrendt, 121 Hawai'i 260, 218 P.3d 387, No. 29191, 2009 WL 3653563 at *2 (App. Nov. 4, 2009) (SDO). We conclude that Dr. Bivens's testimony did not usurp the basic function of the jury. The Circuit Court did not abuse its discretion in allowing the testimony on this issue.

6. Engelby argues that Dr. Bivens's testimony taken in the totality was unduly prejudicial to him. Given our analysis of Engelby's other arguments regarding Dr. Bivens's testimony, even considering the testimony in its totality does not support the conclusion that it was unduly prejudicial to Engelby.

For the foregoing reasons, the September 9, 2015 Judgment of Guilty Conviction and Sentence entered by the Circuit Court of the First Circuit is affirmed.

DATED: Honolulu, Hawai'i, January 30, 2017.

On the briefs:

Phyllis J. Hironaka,
Deputy Public Defender,
for Defendant-Appellant.

Sonja P. McCullen,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge

6